UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

Plaintiff,

v.

OANA MARIA SERBAN, *et al.*,

Defendant.

Case No. 2:18-cr-00001-MMD-CWH

ORDER

## I. SUMMARY

Serban filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(3)(B)(v) ("Motion").[1] (ECF No. 92.) The Magistrate Judge issued the Report and Recommendation ("R&R") recommending denial of the Motion. (ECF No. 137.) Serban objects to the R&R. (ECF No. 138.) The government filed a response (ECF No. 139), and Serban filed a reply (ECF No. 141).[2] For the reasons discussed below, the Court overrules Serban's objection, adopts the R&R, and will deny the Motion.

## II. RELEVANT BACKGROUND

The grand jury indicted Defendant Oana Maria Serban and two co-defendants on ten counts—Conspiracy to Commit Fraud and Related Activity in Connection with Access Devices, 18 U.S.C. § 1029(b)(2) (Count 1); Possession of Access Device-Making

---

[1] Co-defendant Eugeniv Florian Ciuca moved to join the Motion and Serban's reply (ECF Nos. 98, 108), which the Court granted (ECF No. 137 at 1).

[2] LR IB 3-2(a) provides that replies are only permitted with leave of court. Serban did not seek leave of court to file her reply. Nevertheless, the Court has reviewed Serban's reply.

Equipment, 18 U.S.C. § 1029(a)(4) (Count 2); Possession of Fifteen or More Counterfeit or Unauthorized Access Devices, 18 U.S.C. § 1029(a)(3) (Count 3); Use or of an Unauthorized Access Device, 18 U.S.C. § 1029(a)(2) (Count 4); Aggravated Identity Theft, 18 U.S.C. § 1028A (Counts 5-9); and Conspiracy to Commit Money Laundering, 18 U.S.C. § 1956(a)(2)(A) & (h) (Count 10). (ECF No. 81.) These charges stem from the government's allegations that defendants engaged in ATM skimming activities to obtain money between August and December 2017. (*Id.*)

### III. LEGAL STANDARDS

Serban seeks dismissal under Fed. R. Crim. P. 12(b)(3)(B)(v) for failure to state an offense. In considering a dismissal under Rule 12(b)(3)(B)(v), the district court "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *United States v. Boren,* 278 F.3d 911, 914 (9th Cir. 2002). The government is not required to state its theory of the case or allege supporting evidence in an indictment; rather, the government need only allege the "essential facts necessary to apprise a defendant of the crime charged." *United States v. Buckley,* 689 F.2d 893, 897 (9th Cir. 1982) (quoting *United States v. Markee,* 425 F.2d 1043, 1047-48 (9th Cir. 1970), *cert. denied*, 400 U.S. 847 (1970)).

The district court may refer pretrial matters, such as motions to dismiss, to the magistrate judge to make findings and recommendations. 28 U.S.C. § 636(b)(1)(B); LR IB 1-4. Objections to such findings and recommendations are reviewed de novo. 28 U.S.C. § 636(b)(1)(C); LR IB 3-2(a).

### III. DISCUSSION

Serban seeks dismissal of the five identity theft counts (Counts 5-9) on two grounds: (1) the indictment fails to plead the predicate felonies enumerated in 18 U.S.C. § 1028A(c) as an element of the aggravated identity theft counts; and (2) the indictment fails to plead any elements of terrorism to support a charge of terrorism offense in violation of 18 U.S.C. § 1028A(a)(2). (ECF No. 92.) The Court will address each ground in turn.

///

Serban argues that the indictment alleges a violation of use and trafficking in unauthorized access devices in violation of 18 U.S.C. § 1029 but that this section is not an offense enumerated in 18 U.S.C. § 1028A(c). (ECF No. 92 at 5.) The Magistrate Judge found that 18 U.S.C. § 1028A(c)(4) covers as predicate felonies for a § 1028A charge the offenses identified in Title 18, United States Code, Part I, Chapter 47 ("Chapter 47"). (ECF No. 137 at 3.) The Court agrees.

Section 1028A(c) states, in pertinent part, that "the term 'felony violation enumerated in subsection (c)' means any offense that is a felony violation of -- . . . (4) any provision contained in this chapter (relating to fraud and false statements), other than this section or section 1028(a)(7)." 18 U.S.C. § 1028A(c)(4). "This chapter" refers to Chapter 47. *Id.* Felony offenses committed in violation of § 1029 are contained within Chapter 47 and are predicate enumerated offenses for a § 1028A charge. *See, e.g., United States v. Febles,* No. 2:16-cr-141-NT, 2017 WL 976927, at *1 (D. Me. Mar. 13, 2017). Here, the indictment charges violations of § 1029 in Counts 1 through 4, which serve as predicate felony offenses for the charges of violations of § 1028A(1)(a) in Counts 5 through 9.

Serban relies on *United States v. Bonilla,* 579 F.3d 1233 (11th Cir. 2009), to argue that "[f]ederal appellate authority holds otherwise[]" and suggests double jeopardy would result if § 1029 offenses (which are covered under Chapter 47) are predicate offenses for a § 1028A charge. However, *Bonilla* does not support either argument. To the contrary, the court in *Bonilla* found that § 1029(a)(2) is a predicate felony offense for conviction under § 1028A(a)(1). 579 F.3d at 1242. The court went on to reject the argument that convictions under both § 1029(a)(2) and § 1028A(a)(1) violate the double jeopardy clause, reasoning that "the legislature specifically authorized cumulative punishment." *Bonilla,* 579 F.3d at 1244.

As to the second ground for dismissal, the Magistrate Judge recommends denying the Motion because the indictment does not contain any allegation of terrorism as Serban argues. (ECF No. 137 at 4.) In the government's response to Serban's objection, the government asserts that the indictment does not plead or even reference § 1028A(a)(2),

3

which Serban relies on to infer charges of terrorism.[3] In light of such clarification and the Superseding Indictment's lack of reference to § 1028A(a)(2), Serban's request to dismiss a non-existent charge is denied.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that the Magistrate Judge's Report and Recommendation (ECF No. 137) is adopted. The Court overrules Serban's objection (ECF No. 138).

It is further ordered that Defendant's motion to dismiss (ECF No. 92) is denied.

DATED THIS 19th day of July 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[3]The indictment references "Title 18, United States Code, Sections 1028A(a)(1) and 2." (*See, e.g.,* ECF No 81 at 18.) Serban apparently read this to mean § 1028A(a)(1) and § 1028A(a)(2); however, the government is actually referring to § 1028A(a)(1) and 18 U.S.C. § 2.

4